UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBERT R. ASHCROFT,

    Plaintiff,

v.                          Case No. 5:23-cv-236-MCR/MJF

FLORIDA DEPARTMENT OF
CORRECTIONS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Upon review of Plaintiff Robert R. Ashcroft's complaint, the undersigned recommends that this action be dismissed as malicious, under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), for Ashcroft's abuse of the judicial process in failing to disclose completely and honestly his litigation history.

### I. BACKGROUND

On August 28, 2023, Ashcroft, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this civil-rights action against the Florida Department of Corrections. Doc. 1 at 2. Ashcroft alleges that beginning on May 3, 2023, and continuing until May 26, 2023, he was placed in

"confi[n]ement." *Id.* at 5. While he was in confinement, the FDC allegedly failed to respond to Ashcroft's request to provide him his hernia belt. *Id.* at 5–6. Ashcroft asserts that upon his release from confinement, his hernia belt was never sent to "medical" for Ashcroft's use. *Id.* at 6. Ashcroft requests compensatory and punitive damages.

## II. DISCUSSION

### A. Screening of Ashcroft's Complaint

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, is malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1); *see id.* § 1915(e)(2)(B)(i).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a

plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious" under section 1915A(b)(1). *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (per curiam) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915."); *Sears v. Haas*, 509 F. App'x 935, 935–36 (11th Cir. 2013) (per curiam) (holding that dismissal of a prisoner-plaintiff's case for abuse of the judicial process under section 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Harris v. Warden*, 498 F. App'x 962, 964–65 (11th Cir. 2012) (per curiam) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132–33 (11th Cir. 2012) (per curiam) (same).

**B.     <u>Ashcroft's Disclosures</u>**

Section VIII of the complaint form seeks information regarding a prisoner-plaintiff's prior litigation. Doc. 1 at 8–12. The form states,

"***Failure to disclose all prior cases may result in the dismissal of this case.***" *Id.* at 8.

Question C under Section VIII asks, "Have you filed any other lawsuit . . . in **state or federal court** either challenging your conviction or relating to the conditions of your confinement." *Id.* at 10. Ashcroft answered, "No." *Id.* At the end of his complaint, Ashcroft signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." *Id.* at 12.

**C.** <u>**Ashcroft's Omission**</u>

The undersigned takes judicial notice that, when Ashcroft filed his complaint, he failed to disclose at least one case that he filed in federal court relating to his conditions of his confinement:

> *Ashcroft v. Pasco Cnty. Detention Ctr.*, No. 8:02-cv-265-RAL (M.D. Fla. Feb. 13, 2002), ECF No. 1 (alleging that the Pasco County Detention Center's recreation grounds were unsafe).

This case clearly relates to the conditions of Ashcroft's confinement. This case is attributable to Ashcroft insofar as:

- The plaintiff in the Middle District of Florida case bears the Christian name and surname as Ashcroft: Robert Ashcroft. *See* Attachment 1 at 1, 6, 13.

- The handwriting and signature of the plaintiff in the Middle District of Florida case is substantially similar to Ashcroft's handwriting and signature. *See* Attachment 1 at 3 (signature), 4 (same), 12 (same), 8–11 (handwriting).

- Ashcroft previously was detained at the Pasco County Detention Center. *See* Attachment 1 at 8; *see also* Attachment 2 at 3–5.

- Ashcroft was detained at the Pasco County Detention Center on "August 24, [20]01," the date that the events alleged in his Middle District of Florida complaint occurred. Attachment 1 at 11; *see* Attachment 2 at 3, 5.

Because Ashcroft failed to disclose this case in his complaint in the Northern District of Florida, Ashcroft violated his duty of candor to the District Court.

### D. The Materiality of Ashcroft's Omission

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, ECF No. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation").

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of

litigation serves all these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine their litigation experience and familiarity with the legal terrain.

The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Ashcroft falsely responded to Question C under Section VIII of the complaint form. He knew from reading Section VIII that he was required to disclose all prior cases filed in federal court that related to the conditions of his confinement. Doc. 1 at 8. Section VIII expressly warns

prisoners: "***Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.***" *Id.* There is no excuse for Ashcroft's failure to respond truthfully to the questions on the complaint form. The questions were straightforward and easily understandable. *See Kendrick*, 2022 WL 2388425, at *3 (noting that the questions on the complaint form were not complicated and the plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions). Accordingly, a penalty is warranted both to deter Ashcroft from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995).

E.     **The Appropriate Sanction Is Dismissal Without Prejudice**

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Ashcroft's false responses to go unpunished. An appropriate sanction for Ashcroft's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case

without prejudice.[1] *See Rivera*, 144 F.3d at 731; *see also, e.g.*, *Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (per curiam) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (per curiam) (same).

No lesser sanction would suffice to deter this type of conduct. For example, providing Ashcroft an opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006). Insofar as Ashcroft already is detained pending trial, a mere admonition or a finding of contempt would not deter Ashcroft or other inmates or pretrial detainees from making false representations to the

---

[1] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014) (per curiam). The statute of limitations for claims under section 1983 brought in Florida is four years. *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002). The earliest alleged misconduct on which Ashcroft bases his claims occurred in May 2023, so the statute of limitations likely would not bar Ashcroft from refiling this action in the near future.

court. Dismissal without prejudice would serve as a warning to Ashcroft and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11). Thus, the District Court should dismiss this action.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), for maliciousness and abuse of the judicial process.

2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this 1st day of November, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.**

*See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**</u> **An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**